IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALICIA BORNES, ON BEHALF OF | § | |
| MINOR M.J.W. JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-00493 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT (WESTSIDE HIGH | § | |
| SCHOOL), JASON CATCHING, PAUL | § | |
| CASTRO, and RITA LOPEZ, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER
## GRANTING PARTIAL SUMMARY JUDGMENT

Pending is Defendant Houston Independent School District's

("Defendant") Motion for Summary Judgment (Document No. 19). Pro

se Plaintiff Alicia Bornes ("Plaintiff") has filed no response to

the motion, and it is therefore deemed unopposed pursuant to Local

Rule 7.4.[1]    Plaintiff, a black woman, filed a Charge of

---

[1] Although Plaintiff styled the case as "Alicia Bornes, on behalf of minor M.J.W. Jr.," it is clear that she is also bringing claims for Title VII discrimination on her own behalf. Plaintiff may not represent the interests of her child without the representation of an attorney in this type of case. *See, e.g.,* Rodgers v. Dallas I.S.D., No. 3-07-CV-0386-P, 2007 WL 1686508, at *2 (N.D. Tex. June 1, 2007) ("[T]he right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children in legal proceedings."); *see also* Addudle v. Body, 277 F. App'x 459, 461-62 (5th Cir. 2008) (unpublished op.) (a non-attorney adult, even a legal guardian, is not permitted to proceed pro se on behalf of a minor). The only claims properly before this Court are Plaintiff's Title VII claims brought on her own behalf.

Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 17, 2009, based on Westside High School's ("Westside") reduction in her working hours as a General Clerk I and Defendant's later failure to hire her for a General Clerk II position.[2] After carefully reviewing the complaint, motion, the uncontroverted record evidence, and the applicable law, the Court concludes as follows.

## A. Summary Judgment Standard

Rule 56(a) provides that summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the

---

[2] Document No. 24, ex. G at 70; Document No. 1 (Orig. Pet.).

nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).

Although Plaintiff did not respond to the summary judgment motion presently before the Court, the Court must look at the summary judgment evidence, including evidence provided by Plaintiff with her complaint, to determine whether summary judgment is appropriate.[3] *See* <u>John v. State of La. (Bd. of Trs. for State Colls. & Univs.)</u>, 757 F.2d 698, 709 (5th Cir. 1985) ("summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment"); <u>Harrison v. Corr. Corp. of America</u>, No. 11-20464, 2012 WL 1623575, at *2 (5th Cir. May 9, 2012) (unpublished op.) (reviewing grant of summary judgment to which no response was filed and stating that the summary judgment record included the exhibits included in Plaintiff's petition).

## B.  <u>Title VII Framework</u>

Title VII proscribes an employer from hiring, discharging, or otherwise discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment"

---

[3] Prior to Defendant's filing of a summary judgment motion, Plaintiff filed a document entitled, "Dispositive Motion," which was struck by the Court because Plaintiff failed to show that she had complied with Local Rule 5.4 requiring that Plaintiff serve the document on opposing counsel. Document Nos. 22, 23. The Court infers from Plaintiff's attempted filing of a dispositive motion that she opposes Defendant's motion.

because of that individual's race. 42 U.S.C. § 2000e-2(a)(1). The Title VII inquiry is "whether the defendant intentionally discriminated against the plaintiff." Roberson v. Alltel Info. Servs., 373 F.3d 647, 651 (5th Cir. 2004). Intentional discrimination can be established through either direct or circumstantial evidence. Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 219 (5th Cir. 2001). If no direct evidence is presented, the claims must be analyzed using the framework set forth in McDonnell Douglas Corp. v. Green, 93 S. Ct. 1817 (1973). Id.; Jackson v. Watkins, 619 F.3d 463, 466 (5th Cir. 2010). Under this framework, a plaintiff must first create a presumption of intentional discrimination by establishing, by a preponderance of the evidence, a prima facie case of discrimination. Wallace, 271 F.3d at 219.

Once the plaintiff establishes a prima facie case, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2106 (2000). The burden on the employer at this stage "is one of production, not persuasion; it 'can involve no credibility assessment.'" Id. (quoting St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2748 (1993)). If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) the employer's reason, while true, is not the only reason for

4

its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive alternative). <u>Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.</u>, 482 F.3d 408, 411-12 (5th Cir. 2007).

## C. <u>Analysis</u>

### 1. <u>Reduction in Hours</u>

Defendant hired Plaintiff in December 2007 to work as a General Clerk I at Westside, a non-contract position for which she was paid an hourly rate.[4]  On May 1, 2009, Plaintiff received a "Letter of Reasonable Assurance," required by Defendant's rules for non-contract employees who worked fewer than twelve months of the year.[5]  The letter, sent by Chief Academic Officer Karen Garza, states that recipients of the letter "have reasonable assurance of performing services in their present positions for HISD during the 2009-2010 school year."[6]  Plaintiff had been working forty hours a week.[7]  On July 17, Jason Catchings, Assistant Principal at

---

[4] Document No. 24, exs. A & E.

[5] <u>Id.</u>, ex. E; <i>see also</i> <u>id.</u>, ex. B at 1, ex. C.

[6] <u>Id.</u>, ex. E.

[7] <u>Id.</u>, ex. F.  A declaration from Jason Catchings states that:

Hourly clerks are not guaranteed any specific amount of work hours during the week, but are simply used as needed and paid by the hour.  Many of our hourly clerks have been children of Westside employees who work during the holidays on specific projects, or college students.  The

Westside, notified Plaintiff that her hours would have to be reduced to five a week due to budget constraints.[8]  Plaintiff attempted to discuss her hours with Principal Paul Castro on the first day of the school year, but he did not have time to talk to her, and she did not follow up with him on the issue or return to work.[9]  It was assumed that she resigned and the employment data system indicates her position terminated on August 31, 2009 due to her resignation.[10]

To establish a prima facie case for discrimination under Title VII, Plaintiff must establish that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and either (4a) she was replaced by someone outside the protected class, or (4b) others outside the protected class who were similarly situated were not terminated or otherwise were treated more favorably.  *See* Bauer v. Albemarle Corp., 169 F.3d 962, 966 (5th Cir. 1999);  Martin v. Kroger Co., 65 F. Supp. 2d 516, 543 (S.D. Tex. 1999) (explaining that with respect to the fourth element, the plaintiff must show that employees outside his protected class were retained or treated

---

hourly clerk position is not really intended to be relied on as a full-time job by anyone.

Id., ex. H.

[8] Id., ex. H-1.

[9] Id., ex. G at 70.

[10] Id., ex. A.

differently under circumstances nearly identical to plaintiff's).
"[A]n adverse employment action consists of ultimate employment
decisions such as hiring, granting leave, discharging, promoting,
and compensating."  Pegram v. Honeywell, Inc., 361 F.3d 272, 282
(5th Cir. 2004) (citations and emphasis omitted).

    The evidence shows, and Defendant does not dispute, that
Plaintiff was a member of a protected class,[11] that she was
qualified for the job,[12] and that she suffered an adverse employment
action.[13]   The evidence does not show that Plaintiff was replaced
with someone outside of her protected class or that she was treated
less favorably than a similarly situated employee outside of her
protected class.[14]   Therefore, Plaintiff has failed to satisfy her

---

[11] Id., ex. F.

[12] Document No. 1-3 at 1-2, 5, 7-8.

[13] Document No. 1-2 at 24; Document No. 24, ex. H-1.   As an
employee paid by the hour, a reduction in hours necessarily means
a reduction in compensation.

[14] Plaintiff's conclusory assertions in her deposition that
either Heriberta Cabrera or Crystal Romo, both Hispanic women,
replaced her, is insufficient to satisfy her burden, particularly
given that, unlike Plaintiff, Cabrera and Romo held General Clerk
II positions and that Romo did not assume that position until a
year after Plaintiff left.   Document No. 24, ex. G at 56, 58, 71;
Id., ex. I-1 at 3, 5.   While the evidence shows that another
General Clerk I, Gladys Salinas, an employee the Court will assume
for purposes of this motion is outside of Plaintiff's protected
class, did not receive a reduction in hours, the evidence does not
show that these women were similarly situated.   Plaintiff worked
for the magnet program, while Salinas worked for the English as a
Second Language (ESL) program.   Id., ex. I at 2.   There is nothing
in the evidence to show that Plaintiff and Salinas had similar job
responsibilities, worked a comparable number of hours, or were
otherwise working "under nearly identical circumstances."   Lee v.

7

burden of establishing a prima facie case of discrimination on the fourth element.

Even if Plaintiff had established a prima facie case, Defendant satisfied its burden of production of showing a legitimate, nondiscriminatory reason for reducing Plaintiff's hours, namely budgetary constraints.[15]  *See* E.E.O.C. v. Texas Instruments Inc., 100 F.3d 1173, 1181 (5th Cir. 1996) (noting, in the context of age discrimination, that a reduction in force was a legitimate, nondiscriminatory reason for discharge); Bourgeois v. Miss. Valley State Univ., Civ. A. No. 3:11-CV-126 HTW-LRA, 2012 WL 1556386, at *4 (S.D. Miss. Apr. 30, 2012) (merging plaintiff's position into another position in anticipation of budget cuts was a legitimate reason for not renewing plaintiff's contract); *see also* Leibowitz v. Cornell University, 584 F.3d 487, 503-04 (2d Cir. 2009) (anticipated budget cuts was a legitimate, nondiscriminatory reason for nonrenewal of contract).  There is no evidence that this reason was pretextual.  Summary judgment is therefore appropriate on this claim.

---

Kan. City S. Ry. Co., 574 F.3d 253, 260 (5th Cir. 2009) (quoting Little v. Republic Ref. Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991)).  Employees who have different supervisors, work for different parts of a company, and/or have different work responsibilities are not similarly situated.  Id. at 259-60.

[15] Document No. 24 at 13, ex. I.

2.    <u>Failure to Hire</u>

Plaintiff further alleges discrimination based on Defendant's
failure to hire her for a General Clerk II position at Westside
after her termination.   In order to make a prima facie case for
discrimination based on a refusal to hire, Plaintiff must show that
(1) she is a member of a protected class; (2) she applied and was
qualified for the position; (3) that she was not selected; and (4)
that after not selecting Plaintiff, the position remained open and
the employer continued to interview and hire applicants with
qualifications comparable to Plaintiff or was filled by someone
outside of Plaintiff's protected class.   <u>McDonnell Douglas</u>, 93 S.
Ct. at 1824; <u>Davis v. Chevron U.S.A., Inc.</u>, 14 F.3d 1082, 1087 (5th
Cir. 1994).[16]

The parties do not dispute that Plaintiff is a member of a
protected class,[17] that she applied for the General Clerk II
position,[18] that she was qualified for the position,[19] and that she

_____

[16] Plaintiff also alleges in her complaint that she was
discriminated against when working as a General Clerk I because she
was not promoted to a full-time position, Document No. 1-2 at 6-7,
but this claim is unavailing because Plaintiff admits that during
that period of her employment she did not apply for any other
position, which is a necessary element of a prima facie case.   *See*
<u>Davis v. Dallas Area Rapid Transit</u>, 383 F.3d 309, 317 (5th Cir.
2004) (listing elements of prima facie case in failure to promote
claim).

[17] Document No. 24, ex. F.

[18] Document No. 1-2 at 26; Document No. 24, ex. J.   Plaintiff
provided evidence showing she applied to several positions in HISD,
but she only alleges discrimination as it relates to the General

9

was not selected for that position. Plaintiff's deposition testimony indicates that Plaintiff believes that Heriberta Cabrera, a Hispanic woman, was hired for that position but did not know with any certainty that this was actually the case.[20] The evidence shows that Cabrera was one of the applicants for the General Clerk II position, that the position was closed January 6, 2010, and that on January 11, 2010, Cabrera was transferred from one General Clerk II position to another General Clerk II position.[21] Therefore, a reasonable inference can be drawn that Cabrera filled the General Clerk II position for which both she and Plaintiff applied. Because Cabrera is outside of Plaintiff's protected class, Plaintiff has established a prima facie case of discrimination for failure to hire her to the General Clerk II position.

Defendant's argument for not hiring Plaintiff is that nobody was hired for the position and that it was closed on December 14, 2009.[22] However, Defendant provides no summary judgment evidence to support this assertion, and therefore fails to carry its evidentiary burden to present proof of a legitimate, nondiscriminatory reason for not hiring Plaintiff. Defendant has

---

Clerk II position at Westside. Document No. 1-2 at 26.

   [19] Document No. 1-3 at 7-10.

   [20] Document No. 24, ex. G at 59-60.

   [21] Id., exs. G, J, & I-1 at 3.

   [22] Document No. 24 at 18.

10

therefore not shown itself entitled to summary judgment on the failure to hire claim.

For the foregoing reasons, it is hereby

ORDERED that Defendant Houston Independent School District's Motion for Summary Judgment (Document No. 24) is GRANTED in part, and Plaintiff Alicia Bornes's claim for discrimination under Title VII based on a reduction in hours is DISMISSED with prejudice; and Defendant's motion is otherwise DENIED, leaving for trial Plaintiff's failure to hire claim.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 31ST day of July, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE